UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| S & L VITAMINS, INC.,<br><br>        Plaintiff,<br><br>    - vs. -<br><br>AUSTRALIAN GOLD, INC.,<br><br>        Defendant. | CIVIL ACTION NO.<br><br>05-CV-1217 (JS) (MLO)<br><br>**STIPULATED PROTECTIVE ORDER** |
| AUSTRALIAN GOLD, INC.,<br><br>    Third Party Plaintiff,<br><br>    - vs. -<br><br>LARRY SAGARIN AND JOHN DOES 1-10,<br><br>    Third Party Defendants. | |

    Good cause appearing therefor, the Court enters the following protective order:

    1. Designated Material. Any information or material produced in response to a request for the identity of the supplier(s) of plaintiff/third party defendants, and any information or material filed with the Court in regard thereto, constitutes "Designated Material" under this Order. The designation is made for the purpose of protecting trade secrets or other confidential commercial information, such as the identity of the supplier(s) of plaintiff/third party defendants, vital to the business of plaintiff/third party defendants. The designation shall be "CONFIDENTIAL-ATTORNEY'S EYES ONLY" and shall read "CONFIDENTIAL: Sealed by Court Order, S & L Vitamins, Inc. v. Australian Gold, Inc."

    2. Access to Designated Material. Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

        (a) Counsel. Material designated "CONFIDENTIAL-

1

ATTORNEY'S EYES ONLY" may be disclosed only to outside counsel of record for parties to this action. The material shall not be disclosed to any representative, agent, servant, employee, workman, officer, director, member, or inside counsel of defendant/third party plaintiff, except that if the production of the Designated Material reveals that one of plaintiff/third party defendants' suppliers is an authorized distributor or authorized subdistributor of defendant/third party plaintiff, counsel of record for defendant/third party plaintiff, by order of the Court upon motion by defendant/third party plaintiff, shall have the right to disclose the identity of the supplier(s) and materials produced in regard thereto to defendant/third party plaintiff, and defendant/third party plaintiff shall have the right to use that information without any restrictions set forth in this Order.

(b) Court and Personnel. All Designated Material lodged with the Court may be disclosed to and viewed by appropriate court personnel as necessary without the need of further order of this Court.

(c) Other Persons. All Designated Material may be disclosed to other persons who are subsequently designated by agreement of the parties or by order of the Court upon motion by a party.

3. Copies. Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 8 of this Order.

4. Custody of Designated Material. Designated Material and notes or other records regarding such information shall be maintained in the custody of the attorneys to whom the documents and information have been produced, and no partial or complete copies or extracts thereof shall be retained by anyone else at any location. A person having custody of any Designated Material shall maintain it in a manner that limits access to qualified persons.

5. Designating Material. Documents shall be designated by placing an appropriate legend on each page of the document prior to production of the document. Other records and items shall be prominently marked in a reasonably equivalent way. Notwithstanding the foregoing, the failure to place such legend on material which otherwise meets the definition of Designated Material under Paragraph 1 hereof shall not constitute a waiver of the provisions of this Order.

6. Court Procedures. In applications and motions to the Court, all submissions of Designated Material shall be lodged with the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, the words "CONFIDENTIAL-ATTORNEY'S EYES ONLY" and a statement substantially in the following form:

THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

A copy of this Order shall be submitted with the lodged materials. Unless otherwise ordered by the Court, any hearing which may refer to or describe Designated Material shall be held in camera. All lodged materials shall be returned to the submitting party following such hearing.

7. No Prejudice.

(a) Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery. This Order governs only the treatment of information and materials pertaining to the identity of the supplier(s) of plaintiff/third party defendants.

(b) Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action.

(c) A party may seek by written agreement or court order to make late designations of material otherwise entitled to protection under this Order if the party failed to make a timely designation through mistake or inadvertence and failed to correct such error within a reasonable time.

8. Final Disposition. Upon final termination of this action and at the written request of plaintiff, all Designated Material and all copies thereof shall be returned to counsel of record for plaintiff/third party defendants.

9. Modifications and Survival. The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action.

10. No Contract. To the extent that the parties have agreed on the terms of this order, such stipulation is for the Court's consideration and approval as an order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

SO STIPULATED.

Dated: Aug. 9, 2005       _____
                          David Stein (DS 2119)
                          For Plaintiff and
                          Third Party Defendants

Dated: 8/10/05            _____
                          Francis J. Earley (FE 7520)
                          For Defendant and
                          Third Party Plaintiff

Dated: _____    _____
                          Hon. Michael L. Orenstein, U.S.M.J.