```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
S&L VITAMINS, INC.,

                Plaintiff,

     -against-

AUSTRALIAN GOLD, INC.,                  MEMORANDUM AND ORDER
                                        05-CV-1217(JS)(MLO)
                Defendant.

-------------------------------X
APPEARANCES:
For Plaintiff and          Ronald D. Coleman, Esq.
Third-Party Defendants     Goetz Fitzpatrick, LLP
Larry Sagarin and          One Penn Plaza, Suite 4401
John Does 1-10             New York, NY 10119

                           Joel Geoffrey MacMull, Esq.
                           Goetz Fitzpatrick, LLP
                           One Penn Plaza, Suite 4401
                           New York, NY 10119

For Defendant:             Francis J. Earley, Esq.
                           Mintz, Levin, Cohn, Ferris,
                           Glovsky & Popeo, PC
                           666 Third Avenue
                           New York, NY 10017

                           Michael A. Wukmer, Esq.
                           Ice Miller, LLP
                           One American Square
                           Box 82001
                           Indianapolis, IN 46282-0200

                           Scott D. Matthews, Esq.
                           New Sunshine, LLC
                           6270 Corporate Drive
                           Indianapolis, IN 46278
```

SEYBERT, District Judge:

Presently pending before the Court is Defendant's *in limine* motion in which Australian Gold, Inc. ("AG") asks the Court to prohibit Plaintiff, S&L Vitamins, Inc. ("S&L") and its attorneys

and witnesses from making any statements or offering evidence regarding AG's "size, wealth, or financial status, strength, or condition" as irrelevant to any issue in this case. In turn, S&L submitted, "not so much an opposition as a 'response,' . . . because the proposition being raised by AG - that improper remarks by counsel and witnesses are forbidden by the rules and should not be tolerated - are already a matter of well-established law . . . ." (Pl.'s Opp'n 2). In other words, S&L admits that AG's size, wealth, financial status, strength, or condition is irrelevant to any issue in this case, and thus impliedly acquiesces to refrain from making reference to AG's aforementioned traits.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Court agrees with the parties that reference to AG's size, wealth, financial status, strength, or condition would be irrelevant and improper; in this case, S&L does not seek damages but only a declaratory judgment.

For the foregoing reasons, AG's _in_ _limine_ motion is GRANTED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    January 12, 2009
            Central Islip, New York