```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
S&L VITAMINS, INC.,

                Plaintiff,

    -against-

AUSTRALIAN GOLD, INC.,                    VERDICT FORM
                                          05-CV-1217(JS)(MLO)
                Defendant.
----------------------------------X
```

COURT'S EXHIBIT NO. 4
IDENTIFICATION/EVIDENCE
DOCKET NO.
DATE: 1/21

## TORTIOUS INTERFERENCE WITH CONTRACT

1. Were there contracts between Australian Gold and its distributors or subdistributors that prohibited its distributors or subdistributors from selling Australian Gold Products to anyone other than a retail tanning salon?

    Yes ✓

    No ____

    If your answer to this question is No, proceed to question 7. If your answer to this question is Yes, proceed to the next question.

2. Did S&L know of the existence of the contracts between Australian Gold and its distributors or subdistributors referred to in (1) above?

    Yes ✓

    No ____

    If your answer to this question is No, proceed to question 7. If your answer to this question is Yes, proceed to the next question.

3. Did Australian Gold's distributors or subdistributors breach their contracts with Australian Gold by selling Australian Gold Products to S&L or any person acting on behalf of S&L?

Yes ✓

No _____

If your answer to this question is No, proceed to question 7. If your answer to this question is Yes, proceed to the next question.

4. Did S&L perform an action that was a substantial factor in inducing Australian Gold's distributors or subdistributors to breach their contracts with Australian Gold?

Yes ✓

No _____

If your answer to this question is No, proceed to question 7. If your answer to this question is Yes, proceed to the next question.

5. Did S&L act with the intent to cause Australian Gold's distributors or subdistributors to breach their contracts?

Yes ✓

No _____

If your answer to this question is No, proceed to question 7. If your answer to this question is Yes, proceed to the next question.

6. State the amount of Australian Gold's damages, if any, sustained as a result of S&L's conduct.

Actual Damages: $3,000,000

*Three million*

2

## TRADEMARK INFRINGEMENT

7. Did S&L use Australian Gold's trademarks, set forth in the list attached to this verdict sheet as Exhibit A, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods?

>Answer "Yes" or "No" on Exhibit A
>as to each trademark.

If your answer to this question is No, proceed no further and report to the Court. If your answer to this question is Yes, proceed to the next question.

8. Is S&L's use of Defendant's Australian Gold's trademarks likely to cause confusion, mistake, or to deceive consumers as to (a) the affiliation, connection or association of S&L with Australian Gold; or (b) Australian Gold's approval of S&L's commercial activities, relating to the sale of Australian Gold Products on the internet?

>Answer "Yes" or "No" on Exhibit A
>as to each trademark.

If your answer to this question is No, proceed no further and report to the Court. If your answer to this question is Yes, proceed to the next question.

9. State the amount of the AG's damages, if any, sustained as a result of S&L's conduct as to each trademark on Exhibit A you find to have been infringed in question (13).

>Actual Damages: $3,000,000
>Three million

3

## EXHIBIT A

| Product | Question 7: Did S&L use Australian Gold's trademarks, set forth in the list attached to this verdict sheet as Exhibit A, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods? | Question 8: Is S&L's use of Defendant's Australian Gold's trademarks likely to cause confusion, mistake, or to deceive consumers as to (a) the affiliation, connection or association of S&L with Australian Gold; or (b) Australian Gold's approval of S&L's commercial activities, relating to the sale of Australian Gold Products on the internet? |
|---|---|---|
| Australian Gold | Yes ☑ No ☐ | Yes ☑ No ☐ |
| Swedish Beauty | Yes ☑ No ☐ | Yes ☑ No ☐ |
| Carribean Gold | Yes ☑ No ☐ | Yes ☑ No ☐ |
| Amaretto | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Beach in a Bottle | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Blazin' | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Bronzing Fire Glaze | Yes ☑ No ☐ | Yes ☑ No ☐ |
| Browning Fury | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Chocolate Indulgence | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Chocolate Temptation | Yes ☑ No ☐ | Yes ☑ No ☐ |
| Dangerously Dark | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Dark Fire | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Fast Action | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Fast Brown | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Frosted Hemp | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Golden Bronzing Glaze | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Golden Glaze | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Golden Tingling Glaze | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Hot Amaretto | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Hot! | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Iced Crème | Yes ☐ No ☐ | Yes ☐ No ☐ |
| Intimidation | Yes ☐ No ☐ | Yes ☐ No ☐ |

**EXHIBIT A**

| Product | Question 7: Did S&L use Australian Gold's trademarks, set forth in the list attached to this verdict sheet as Exhibit A, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods? | | Question 8: Is S&L's use of Defendant's Australian Gold's trademarks likely to cause confusion, mistake, or to deceive consumers as to (a) the affiliation, connection or association of S&L with Australian Gold; or (b) Australian Gold's approval of S&L's commercial activities, relating to the sale of Australian Gold Products on the internet? | |
|---|---|---|---|---|
| Safire | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| Sinful | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| Smokin' | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| Smooth Softie | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| Swedish Bronzing Crème | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| Swedish Intensifier | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| Thrust | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| Wild | Yes ✓ | No ☐ | Yes ✓ | No ☐ |
| You Wish! | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

*Maureen Fitzgerald*   1/21/09